UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Viet Thanh Phung,                                            Civil No. 16-4107 (DWF/FLN)

          Petitioner,

v.                                                           **REPORT AND RECOMMENDATION**

Loretta E. Lynch, Attorney General[1], et. al.,

          Respondents.

---

Viet Thanh Phung, *pro se*.
Ana Voss, Assistant United States Attorney, for Respondent.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Viet Thanh Phung's petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241, and the Supreme Court's decision in *Zadvyhas v. Davis*, 533 U.S. 678 (2001) (ECF No. 1). This matter was referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Phung's petition be **DENIED as moot**.

On December 7, 2016, Phung petitioned for his immediate release pursuant to the Supreme Court's decision in *Zadvydas*. *See* ECF No. 1. Specifically, Phung claimed that he was taken into custody by the United States Immigration and Customs Enforcement Agency ("ICE") on April 7,

---

[1] Defendants Loretta E. Lynch, Jeh Johnson, Sarah Saldana, and Jason Sieving have ceased to hold the positions in which they were sued. *See* ECF No. 8 at n.1. Pursuant to Federal Rule of Civil Procedure 25(d), Respondents are substituted through interlineation for Attorney General Jeff Sessions, Secretary of the Department of Homeland Security, Kirstjen M. Nielson, Acting Director of U.S. Immigration and Customs Enforcement, Thomas Homan, and United States Immigration and Customs Enforcement Field Office Director, Peter Berg.

2016, and was ordered removed on May 7, 2016, but as of the date of his petition, the Respondent had been unable to remove him to Vietnam or any other country. *Id.* As a result, he argued that his removal was not likely to occur in the foreseeable future, and that under *Zadvydas*, his continued detention was unlawful. *Id.*

On June 11, 2018, while Phung's petition was pending before this Court, the Respondent informed the Court that Phung was released from custody and removed from the United States on May 22, 2017. ECF No. 8. Accordingly, the Respondent asks the Court to dismiss Phung's petition as moot. *See* ECF Nos. 8 and 9.

"Article III of the United States Constitution limits the jurisdiction of federal courts to actual, ongoing cases and controversies."*Hayden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* "Once a § 2241 petitioner has been removed from the United States and deported to his native county . . . his petition seeking release from ICE custody becomes moot, as there is no longer a live case or controversy as required by Article III." *Estrada-Heredia v. Holder*, No. 12-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (citing *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, No. 10-292 (JRT/LIB), 2010 WL 5141803, at *11–12 (D. Minn. Dec. 13, 2010))

Because Phung's petition challenged the length of his detention and sought release from ICE custody, and Phung has already been released and removed from the United States; there is no effective remedy this Court can reach with regard to his petition. At this time, there is no longer a live case or controversy.

2

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner Viet Thanh Phung's petition for habeas relief (ECF No. 1) be **DENIED as moot**.

DATED: July 19, 2018                                    *s/Franklin L. Noel*
                                                        FRANKLIN L. NOEL
                                                        United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 2, 2018**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.